**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Anthony Swierczek and**
**Thomas J. Slatoski, Jr.,**

**Plaintiffs,**

**vs.**

**Brian Anderson and Christopher Burns, officers acting in their individual capacities as Minneapolis police officers; and John Does, unknown officers acting in their individual capacities as Minneapolis police officers; the City of Minneapolis; and Grandma's of Minneapolis, Inc., a Minnesota corporation,**

**Defendants.**

FLN
**Court File No.: 01-1414 JRT/~~JGL~~**

**STIPULATION AND PROTECTIVE ORDER**

---

TO: PLAINTIFFS, ABOVE-NAMED, AND THEIR ATTORNEY, ROBERT BENNETT, FLYNN, GASKINS & BENNETT, LLP, 333 SOUTH SEVENTH STREET, SUITE 2900, MINNEAPOLIS, MN 55402.

WHEREAS, Plaintiff has served upon Defendants City of Minneapolis, Anderson and Burns (hereinafter "City Defendants") discovery which calls for the production of data which is classified as private pursuant to Minn. Stat. § 13.43; and

WHEREAS, the City Defendants are willing to provide private data in answer to Plaintiff's discovery under a Protective Order in the form attached hereto from the Court.

**STIPULATION**

Now, therefore, it is hereby stipulated to and agreed by the undersigned parties to the above-entitled action, the ("Action"), acting through their attorney's, that:

FILED FEB 1 2 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

1. That Defendant City of Minneapolis will make available to the Plaintiff's attorneys for their inspection, and copying the following documents under the following terms and conditions:

a. Minneapolis Police Department Personnel files, Internal Affairs file, Background files, Station files, Minneapolis Civilian Police Review (CRA) files and Minneapolis Civil Service files, excluding medical records, relating to Defendants Anderson and Burns.

2. The parties stipulate and agree that an order may be entered by the above-named court requiring the production of these documents o the following terms and conditions:

a. The documents to be produced in response to this order shall be considered "Confidential Materials" under the terms of the Stipulation and Order, and this Stipulation and Order shall govern the examination and use of such documents.

b. Confidential Materials and information derived therefrom shall be disclosed to and used by only "Qualified Persons," as defined in subparagraph d. below. The Confidential Materials shall not be disclosed to the plaintiff or to any other person unless and until otherwise agreed by the defendants or by the Court hearing the action. It is expressly understood that the plaintiff may not use Confidential Materials for any purpose or advantage outside the scope of the issues directly addressed by this action.

c. If the counsel for the parties wish to use or inquire about Confidential Materials or information derived therefrom at any deposition, the portion of the deposition transcript that relates to the Confidential Materials or information derived therefrom may be designated as "Confidential," and, if so designated, the portion of the deposition transcript so designated shall be treated as Confidential Materials subject to the provisions hereof.

d. Confidential materials (including portions of deposition transcripts that are designated as "Confidential") or information derived therefrom may be disclosed or made available by counsel for the parties only to "Qualified Persons" as defined herein. "Qualified Persons" are:

i. The Court (subject to the provisions of subparagraph f hereof);

ii. Counsel to the parties to the action and the paralegal, clerical, secretarial staff employed by such counsel and expert witnesses and their staff retained by the parties;

iii. Court reporters employed in connection with any deposition in the action; and

iv. Any other person that the parties agree to in writing.

e. Confidential Materials or information derived therefrom shall not be disclosed by any Qualified Person to any other person or persons, except as provided in subparagraph g hereof.

f. If Confidential Materials (including portions of deposition transcripts) or information derived therefrom are to be included in any papers to be filed in the Court, such papers shall be labeled "Confidential," filed under seal, and kept under seal until further order of the Court.

g. Nothing contained in the Stipulation and Order shall preclude a party from showing any Confidential Materials or disclosing information derived therefrom to any third party witnesses, either during a deposition or a trial, provided that:

i. If such disclosure is at a deposition, only Qualified Persons may be present, except for counsel for the witness;

ii. The actual or potential witness may not be given a copy of any Confidential Materials to take with him or her; and

iii. The actual or potential witness shall be provided a copy of this Stipulation and Order and advised that it is applicable to him or her. Such actual or potential witness and his or her attorney shall be bound by subparagraph b. of the Stipulation and Order requiring that Confidential Materials be held in confidence, and shall not disclose the Confidential Materials nor any information derived from them to anyone who is not a Qualified Person within the meaning of this Stipulation and Order.

3. In the event that any Confidential Materials or information derived therefrom are used in court proceedings herein, such documents or information shall not lose their confidential status through such use.

4. Nothing herein shall be construed to affect in any way any party's rights to object to the admissibility of any document, testimony, or other evidence at trial.

5. If Plaintiff receives a subpoena or other court process that arguably calls for the production of Confidential Materials, Plaintiff shall give the Defendants at least ten (10) days notice before producing any such Confidential Matcrials.

6. Upon termination of this litigation, counsel shall return all Confidential Materials and copies thereof to the Minneapolis City Attorney.

7. The designation of any document, information, or thing as confidential under this order is for purposes of this protective order only, and shall not be used for the purpose of interpretation of other legal or substantive issues raised in this litigation apart from the application of this order.

Dated: 1/17/02

JAY M. HEFFERN
~~City Attorney~~
By

TIMOTHY S. SKARDA
Assistant City Attorney
Attorneys for Defendants
Attorney Reg. No. 10176X
300 South Seventh Street
Minneapolis, MN 55402-2453
(612) 673-2553

Dated: 1/22/02

FLYNN, GASKINS & BENNETT, LLP
By

Robert Bennett (6713)
Eric Hageman (258180)
333 South Seventh Street, Suite 2900
Minneapolis, MN 55402
(612) 333-9500

Dated: January 30, 2002

CANDLIN & HECK
By

Bruce P. Candlin (14503)
Suite 1500
3800 West 80th Street
Bloomington, MN 55431-4429
(952) 820-8522

**IT IS HEREBY ORDERED,** that Defendant City of Minneapolis shall, pursuant to the foregoing Stipulation of the parties, produce the data and files therein referenced, subject to the terms of the Stipulation relating to the use of said data and files.

Dated: Feb 12, 2002

~~JOHN G. LEBEDOFF~~
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.